# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

JAMES GADDY,                          :
:
      Petitioner,                :
:
     vs.                            :     CIVIL ACTION NO.: CV214-150
:
:
SUZANNE HASTINGS, Warden,             :
:
      Respondent.                :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Gaddy ("Gaddy"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Gaddy filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Gaddy's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Gaddy was convicted, following a jury trial, in this Court for kidnapping (which resulted in the death of the victim) and other related charges. On March 10, 1989, the Honorable B. Avant Edenfield sentenced Gaddy to life imprisonment on the kidnapping charge and to five- to ten- year concurrent sentences on the remaining counts. Gaddy unsuccessfully appealed his convictions and sentences to the Eleventh Circuit Court of Appeals. United States v. Gaddy, 894 F.2d 1307 (11th Cir. 1990).

In 2012, Gaddy filed a "Motion for Miscellaneous Relief" and attempted to reopen his sentencing. Gaddy argued that the Court erred in failing to state its reasons for the sentence imposed as required by 18 U.S.C. § 3553(c) and Section 4A1.3 of the Sentencing Guidelines. Judge Edenfield denied Gaddy's motion, explaining that "[o]nly under very limited circumstances may this Court modify an imposed term of imprisonment, and none of those circumstances are present here." United States v. Gaddy, Case Number CR488-032, Doc. No. 128. Judge Edenfield found that Gaddy's argument based on United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir. 1990), was inappropriate as that case examined a direct appeal and merely cites the general rule that a court should support its sentence with sufficient reasons. (Id.).

Gaddy filed a previous § 2241 petition and contended that the Bureau of Prisons ("BOP") executed his sentence improperly in violation of 18 U.S.C. § 3621 and BOP Policy Statement 5100.08 by incarcerating him pursuant to a "Judgment of Commitment [that] had no accompanying 'statement of reason'." (CV213-87, Doc. No. 1, p. 2). Gaddy contended that the BOP continued to incarcerate him pursuant to a sentence it knew to be illegal and that the BOP "should have refused to accept the Judgment of Commitment without the mandatory 'statement of reasons'." (Id. at p. 3). The undersigned recommended that Gaddy's petition be dismissed because he failed to satisfy the savings clause of 28 U.S.C. § 2255. The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court. (Id. at Doc. Nos. 9, 12).

Gaddy filed a petition for writ of mandamus in the Eleventh Circuit Court of Appeals and asserted that this Court had a duty to explain the reasons behind its sentencing decision and that it failed to resolve his written objections to the Pre-

2

Sentence Investigation report ("PSI"). The Eleventh Circuit found Gaddy's petition was frivolous because he could have appealed his sentences after this Court entered judgment and denied Gaddy's motion for leave to proceed *in forma pauperis*. Gaddy voluntarily dismissed his petition. (Doc. No. 1, p. 3).

In this petition, Gaddy contends that Respondent is detaining him unlawfully under a sentence which is unconstitutional. Gaddy asserts that the United States Sentencing Guidelines were mandatory at the time of his convictions and sentences, and his sentence could not exceed the jury's findings as applied to the Guidelines. Respondent contends that Gaddy's petition should be dismissed because he fails to satisfy the savings clause.

## DISCUSSION AND CITATION TO AUTHORITY

To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in

sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the

4

legality of his detention," he must establish that: "(1) throughout his sentencing, direct appeal, and first section 2255 proceeding, binding Eleventh Circuit precedent had specifically addressed and squarely foreclosed the petitioner's current claim; (2) subsequent to his first section 2255 proceeding, the Supreme Court overturned that precedent; (3) the Supreme Court's new rule applies retroactively on collateral review; and (4) as a result of that new rule, the petitioner's sentence exceeds the statutory maximum." (Doc. No. 6, p. 5) (citing Bryant, 738 F.3d at 1274). A petitioner must satisfy all of these requirements to obtain relief under Bryant. Gaddy cites to no cases decided by the Supreme Court which announces a new rule which is retroactively applicable to cases on collateral review.

Gaddy has failed to show that section 2255 is inadequate or ineffective to challenge his conviction. Simply because Gaddy's claims were rejected in his previously-filed motions or he failed to raise his claims on a previous occasion does not mean that the remedy afforded by § 2255(e) is inadequate or ineffective. Gaddy was convicted in this Court in 1989, and the filing of a section 2255 motion at this time might be barred by the applicable statute of limitations. However, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). Gaddy does not satisfy the savings clause of § 2255(e) and cannot proceed on the merits of this section 2241 petition.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Gaddy's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _3rd_ day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)